# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JAKAYLA ROBERT**                                                    **CIVIL ACTION**

**VERSUS**
                                                                                 **NO. 21-418-SDD-RLB**
**OLD REPUBLIC INSURANCE**
**COMPANY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 12, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**JAKAYLA ROBERT**                                                    **CIVIL ACTION**

**VERSUS**
                                                                                      **NO. 21-418-SDD-RLB**

**OLD REPUBLIC INSURANCE**
**COMPANY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 2). The motion is opposed. (R. Doc. 3).

**I.        Background**

On or about December 30, 2020, Jakayla Robert ("Plaintiff") filed a Petition for Damages in the 18th Judicial District Court, Parish of Pointe Coupee, Louisiana, naming as defendants Michael A. Newsome, Landstar Inway, Inc. ("Landstar"), and Old Republic Insurance Company ("Old Republic") (collectively, "Defendants"). (R. Doc. 1-1).

In the Petition, Plaintiff alleges that she was injured when Mr. Newsome, while driving a 2007 Freightliner Conventional 18 wheeler on a mission for Landstar, attempted to make a left hand turn across the path of Plaintiff's vehicle, causing her to steer to the right and crash into a traffic light support pole. (R. Doc. 1-1). Plaintiff alleges that as a result of the collision, she suffered pain and suffering (past and future), mental anguish and distress (past and future), permanent injuries, medical expenses (past and future), and lost wages. (R. Doc. 1-1 at 2).

On July 21, 2021, Defendants removed this action, alleging that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana, Old Republic is a citizen of

1

Pennsylvania and Illinois, Landstar is a citizen of Delaware and Florida, and Mr. Newsome is a "resident" of Florida. (R. Doc. 1 at 5). In their Amended Notice of Removal, Defendants assert that Mr. Newsome is domiciled in, and therefore a citizen of, the State of Texas. (R. Doc. 6 at 3). With respect to the amount in controversy, Defendants rely on discovery provided by Plaintiff while the action was pending in state court.  Defendants assert that "Plaintiff's discovery responses provide that Plaintiff contends she suffered injuries to her left wrist, neck, and low back as a result of the motor vehicle accident." (R. Doc. 1 at 4; R. Doc. 6 at 4) (citing R. Doc. 1-3).[1] Defendants' further rely on the results of Plaintiff's October 7, 2020 cervical MRI, which Defendants state indicate the following: "Plaintiff abnormal straightening of the cervical lordotic curvature, reversal of the mid-cervical lordosis, and a disc bulge at C4-5 with foraminal narrowing." (R. Doc. 1 at 4; R. Doc. 6 at 4) (citing R. Doc. 1-4). Defendants assert that the "alleged disc protrusion" identified in the MRI is alone sufficient to satisfy the amount in controversy requirement. (R. Doc. 1 at 4; R. Doc. 6 at 4-5). Defendants further note that Plaintiff is seeking at least a "thirteen-month wage claim" in light of her discovery responses. (R. Doc. 1 at 4; R. Doc. 6 at 5) (citing R. Doc. 1-3).

On August 18, 2021, Plaintiff filed the instant Motion to Remand, which argues that Defendants have not established that the amount in controversy requirement is satisfied and that Plaintiff should be awarded costs and attorney's fees for having to respond to the improvident removal.

---

[1] Defendants globally submit Plaintiff's responses to written discovery as a single Exhibit C (R. Doc. 1-3). In referencing this exhibit, Defendants make no effort to identify the specific discovery responses relied upon and instead generally cite "Exhibit C" in support of their assertions in the Notice of Removal.

## II.    Arguments of the Parties

In support of remand, Plaintiff asserts that Defendants appear to concede that the amount in controversy is not facially apparent as they rely on discovery responses, and argues that a finding that the amount is facially apparent is improper because the Petition contains boilerplate allegations of damages. (R. Doc. 2-1 at 1, 4-6). Plaintiff argues that Defendants have not met their burden of establishing the amount in controversy requirement is satisfied, however, because the amount of lost wages is unknown and there is no established medical causation between the findings in the cervical MRI and the underlying incident. (R. Doc. 2-1 at 1-2, 6). Finally, Plaintiff seeks recovery of costs and fees under 28 U.S.C. § 1447(c) for frivolous removal. (R. Doc. 2-1 at 6-7).

In opposition, Defendants argue that they did not rely solely on the "boilerplate allegations of damages" in support of a finding that the jurisdictional amount is satisfied. (R. Doc. 3 at 3). Defendants assert that the information relied upon in the Notice of Removal – including Plaintiff's allegations of damages, Plaintiff's written discovery responses, and Plaintiff's MRI records – are sufficient to establish that the amount in controversy requirement is satisfied. (R. Doc. 3 at 2-3). Defendants also submit additional medical records dated March 23, 2021 providing that Plaintiff has a "[m]ild C4-5 disc bulge" and that she is a candidate "for lumbar facet injection vs. lumbar medial branch block / rhizotomy after pregnancy." (R. Doc. 3-1; *see* R. Doc. 3 at 3). Defendants also argue that even if the action is remanded, an award of costs and fees is without merit they had an objectionably reasonable basis for seeking removal. (R. Doc. 3 at 5-6).

### III.    Law and Analysis

#### A.    Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a

finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.    Diversity Jurisdiction**

Defendants assert that this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. Based on the record and the representations in the briefing, there is no dispute that there is complete diversity of citizenship between Plaintiff and Defendants at the time of removal.  Accordingly, the only issue before the Court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff seeks recovery for alleged personal injuries incurred in an automobile accident. As stated above, Plaintiff alleges that as a result of the collision, she "suffered pain and suffering (past and future), mental anguish and distress (past and future), permanent injuries, medical expenses (past and future), and lost wages. (R. Doc. 1-1 at 2).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff does not allege the specific nature of his physical injuries or the treatment sought or received. Plaintiff's vague allegation that she sustained injuries without any specific description of those injuries indicates little more than potential soft tissue damage. There is no

allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. Plaintiff does not allege that she suffered nerve damage, herniated or bulging discs, or that her injuries resulted in or require any surgery. Plaintiff does not identify any incurred medical and drug expenses or the scope of the medical treatment she has received or continues to receive as a result of the incident. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Consistent with the foregoing, Defendants do not argue that it is facially apparent that the amount in controversy requirement is satisfied by the allegations in the Petition alone. Accordingly, the Court will consider whether Defendants have set forth facts in controversy that support a finding of the jurisdictional minimum.

In the Notice of Removal, Defendants rely in part on their assertion that Plaintiff is seeking at least a "thirteen-month wage claim" in light of her discovery responses. Defendants provide no information about Plaintiff's job position, much less her actual wages and earning capacity. Given these unknowns, the Court will not speculate on a calculation of a potential wage claim. Plaintiff's wage claim remains uncalculatable and is, therefore, just a general category of damages that does not support a finding of the amount in controversy.

Defendants also appear to rely on Plaintiff's response to Interrogatory No. 6, which provides that she "suffered wounds to [her] left wrist [and] neck and back injuries." (R. Doc. 1-3 at 3). As discussed above, without further context, these assertions support a finding of little more than soft tissue damage. Defendants do not submit any further information with respect to

Plaintiff's alleged wrist wounds. Accordingly, the Court will turn to the medical evidence submitted by Defendants substantiating Plaintiff's alleged neck and back injuries.

Defendants submitted the October 7, 2020 cervical MRI results with the Notice of Removal and supplied a March 23, 2021 medical record with their Opposition. In the March 23, 2021 medical record, Physician Assistant Patrick Arcement and Dr. Kevin McCarthy review October 7, 2020 cervical MRI results, concluding that Plaintiff had a "[m]ild C4-5 disc bulge" and "[c]ervical and lumbar facet syndrome." (R. Doc. 3-1 at 1). The physicians treated Plaintiff with a muscle relaxant and pain medication, further stating that she "is a candidate for lumbar facet injection vs. lumbar medial branch block / rhizotomy after pregnancy." (R. Doc. 3-1 at 1). While it is not fully clear, it appears that the physicians were indicating that Plaintiff is a candidate for a lumbar facet injection "as opposed to" a lumbar medial branch block or rhizotomy. What is clear is that the physicians made no specific recommendation for Plaintiff to undergo the foregoing treatment, much less any invasive surgery.

Having considered the record, including the Petition and evidence submitted by Defendants, the Court concludes that Defendants have not met their burden of establishing the amount in controversy requirement is satisfied.

Defendants do not submit any evidence of medical expenses and rely on a sole mild disc bulge, with no surgical recommendation, to support a finding that the jurisdictional amount is satisfied. Defendants rely on an out-of-district federal court decision issued more than 20 years ago for the proposition that a single "alleged disc bulge" alone satisfies the jurisdictional amount. (R. Doc. 3 at 3) (citing *Bourg v. Fireman's Fund Ins. Co.*, No. 99-1066, 1999 WL 335636, at *2 (E.D. La. May 24, 1999). In *Bourg*, the court found the amount in controversy was satisfied where the plaintiff had "a small posterior disc bulge **and** subligamentous herniation of the C5-6

disc." *Bourg*, 1999 WL 335636, at *2  n.1 (emphasis added). In so holding, the court also relied on Plaintiff's claims for penalties and attorney's fees under Louisiana's bad faith statutes and took into consideration the plaintiff's settlement demand in the amount of $90,000. *Bourg*, 1999 WL 335636, at *3. Here, unlike in *Bourg*, Plaintiff does not seek recovery under Louisiana's bad faith statutes and Defendants have not submitted evidence that Plaintiff has suffered a disc herniation or made a settlement demand exceeding the jurisdictional amount.

Similarly, Defendants sites two state court decisions for the proposition that candidacy for "a facet injection and/or medical branch block/rhizotomy" alone satisfies the jurisdictional amount. (R. Doc. 3 at 3). These distinguishable state court decisions merely demonstrate that certain awards for general damages that exceed the federal judicial amount are possible where a plaintiff suffers disc herniation and is recommended for, or undergoes, rhizotomies. *See Buckheister v. US Environmental Services, LLC,* 87 So.3d 414 (La App. 5th Cir. 2012) (amending judgment of general damages and loss of enjoyment of life to $175,000 where Plaintiff with various pre-accident conditions suffered from, various disc herniations, cervical spondylosis, cervical radiculopathy, and over the course of over five years had undergone several cervical facet blocks, rhizotomies, and epidural steroid injections, and was informed surgery was not an option for pain relief); *Donaldson v. Hudson Ins. Co.*, 116 So.3d 46 (La. App. 5th Cir. 2013) (affirming judgment of general damages of $125,000 where the plaintiff suffered from cervical and lumbar disc herniation and was recommended for rhizotomy to avoid constant chiropractic treatment). The plaintiff in this action has suffered neither a disc herniation nor received a recommendation to undergo a rhizotomy. Furthermore, while quantum cases from state courts can inform the jurisdictional amount analysis, they are not binding precedent on the issue.

There is no shortage of decisions in this district discussing whether the amount in controversy requirement is satisfied in light of alleged spinal injuries. *See*, *e.g.*, *Simmons v. Moehrs*, No. 20-819-SDD-EWD, 2021 WL 76964, (M.D. La. Jan. 8, 2021) (requiring briefing on whether the amount in controversy requirement is satisfied even where the Notice of Removal alleged that the plaintiff had incurred $22,825.00 in medical expenses prior to removal and was accompanied by medical records demonstrating that the plaintiff was initially diagnosed with a sprain of ligaments of the cervical and thoracic spine, cervical disc disorder with radiculopathy in the mid-cervical region, tension headaches, and muscle spasm; a cervical MRI revealed small disc bulges and a herniation at C3-4; and the plaintiff had underwent approximately nine months of therapeutic treatment, including one round of bilateral occipital nerve blocks and two rounds of cervical epidural steroid injections); *Cole v. Mesilla Valley Transportation*, No. 16-841-SDD-RLB, 2017 WL 1682561, at *4 (M.D. La. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1684515 (M.D. La. May 1, 2017) (remanding action for lack of diversity jurisdiction where the record indicated that the plaintiff had suffered various disc bulges in the lumbar region and had been recommended an epidural steroid injection to relieve his pain).

Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where

slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident.").

Here, Defendants have not met their burden of establishing that the amount in controversy requirement was satisfied at the time of removal. While the Court agrees with Defendants that they need not establish medical causation with respect to the alleged injuries and

the underlying incident for the purposes of establishing the amount in controversy, it is insufficient to supply evidence of a single mild disc bulge and candidacy for a facet injection with no specific recommendation of surgery and no evidence of the amount of incurred medical expenses at the time of removal. This action is subject to remand for lack of diversity jurisdiction under 28 U.S.C. § 1332.

### C.    Plaintiffs' Request for Costs and Expenses

Plaintiff requests that Defendants bear all costs and fees incurred regarding the filing of the Motion to Remand because Defendants filed a "frivolous notice of removal that lacks any merit." (R. Doc. 2-1 at 6-7). In opposition, Defendants assert that they "have an objectively reasonable basis for seeking removal based on the cervical disc bulging, thirteen (13) month wage claim, injury claims for low back and wrist, medical specials, and mental anguish." (R. Doc. 3 at 6).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).  To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Although Defendants have not met their burden of establishing that the amount in controversy is satisfied, the Court concludes that the removal of this action was not objectively unreasonable. Given the range of possible recovery for the injuries allegedly suffered by Plaintiff, the removing defendant had an objectively reasonable basis for seeking removal.

**IV.    Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 2) is **GRANTED**, and that the action be **REMANDED** to the 18th Judicial District Court, Parish of Pointe Coupee, Louisiana.

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on October 12, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**